FILED

2011 JUN -7 PM 1: 27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq. (SBN 167280)
Lukasz I. Wozniak, Esq. (SBN 246329)
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200
Email: lwozniak@wrightlegal.net

Attorneys for Defendant,
AURORA LOAN SERVICES, LLC, erroneously sued as AURORA LOAN
SERVICES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ED   CV  11  -  00891 VAP(OPx)

| | |
|---|---|
| SHIELA RIOS, | ) Case No.: |
| | ) |
| Plaintiff, | ) Assigned to: |
| | ) |
| vs. | ) **NOTICE OF REMOVAL OF** |
| | ) **ACTION PURSUANT TO 28 U.S.C.** |
| QUALITY LOAN CORP, AURORA | ) **§1441(b)--(Federal Question** |
| LOAN SERVICES, and DOES 1-100, | ) **Jurisdiction)** |
| Defendants. | ) |
| | ) |
| | ) |
| | ) Complaint filed: May 11, 2011 |
| | ) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

   **PLEASE TAKE NOTICE** that defendant AURORA LOAN SERVICES,
LLC ("Defendant") hereby removes to this Court, the state court action described
below:

1.   On May 11, 2011, plaintiffs Eduardo and SHIELA RIOS ("Plaintiff") filed a complaint against Defendant in the Superior Court of the State of California, County of Riverside, entitled Rios v. Quality Loan Corp, et al. Case No. RIC1108282 ("State Court Action").   A true and correct copy of that Summons and Complaint are attached hereto as **Exhibit "A."**   In her Complaint, Plaintiff alleges claims for breach of contract, negligent misrepresentation, intentional misrepresentation, unfair trade practices, unjust enrichment, breach of fiduciary duty, violation of the Truth In Lending Act, and injunctive relief.

2.   Upon information and belief, Defendant has not yet been served with the Summons and Complaint.   Accordingly, the removal of this action is timely as it occurred within one year of the date of filing of the Complaint and within thirty days of receipt of the Complaint.  28 U.S.C., §1446(b).

3.   The docket in the State Court Action does not reflect, and Defendant is unaware of, an appearance by any other defendant.   A true and correct copy of the docket is attached as **Exhibit "B."**   Accordingly, no consent to this removal is necessary.

4.   The docket reflects that on May 12, 2011, Plaintiff obtained temporary restraining order and that the hearing on OSC re Preliminary Injunction has been set for June 10, 2011.

## FEDERAL QUESTION

5.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331 and is one which may be removed to this Court by this Defendant pursuant to the provisions of 28 U.S.C. section 1441(b) in that Plaintiff alleges a federal question in the Complaint.   Specifically, Plaintiff's Complaint presents a claim under the Truth In Lending Act ("TILA,") 15 U.S.C. section 1601, et seq.

6.   Further, Plaintiff's remaining claims are premised on the alleged TILA violations.  (See, Cplt., ¶¶1, 43-45, 47-51, 56, 61, 66, 76, 77, 80, 81, 86, 101,

102.)  Accordingly, Plaintiff's right to relief under this federal claim depends on resolution of a substantial question of federal law and Defendant may remove this case to this Court.

7.     Plaintiffs' remaining claims assert State law claims.  These state law claims are transactionally related to, and arise out of the same common nucleus of operative fact as, the federal claims and thus would be part of the same case or controversy and subject to supplemental jurisdiction under 28 U.S.C. section 1367(a).

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: June 6, 2011          By: _____

T. Robert Finlay, Esq.,
Lukasz I. Wozniak, Esq.,
Attorneys for Defendant, AURORA LOAN
SERVICES, LLC

EXHIBIT "A"

# RIVERSIDE SUPERIOR COURT
## PUBLIC ACCESS

## Civil Case Report

🎥 **Camera indicates that a document may be purchased**
**View Document Fee Schedule**

---

Print This Report

Close This Window

### Case RIC1108282 - RIOS VS QUALITY LOAN SERVICE CORP

### Case RIC1108282 - Complaints/Parties

**Complaint Number:** 0001 — CMP Complaint of SHELIA RIOS
**Original Filing Date:** 05/11/2011
**Complaint Status:** ACTIVE

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | Plaintiff | SHELIA RIOS | LAW OFFICE OF KHACHIK AKHKASHIAN | First Paper Fee Paid |
| 2 | Defendant | QUALITY LOAN SERVICE CORP | Unrepresented | Serve Required (WaitS) |
| 3 | Defendant | AURORA LOAN SERVICES | Unrepresented | Serve Required (WaitS) |

### Case RIC1108282 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 11/15/2011 8:30 AM DEPT. 10 | CASE MANAGEMENT CONFERENCE HEARING | | |
| | 08/09/2011 8:00 AM DEPT. CLERK | NON-PROOF OF SERVICE (NON-APPEARANCE) HEARING | | |
| | 06/10/2011 8:30 AM DEPT. 12 | HEARING RE OSC WHY PRELIMINARY INJUNCTION SHD NOT ISSUE | | |
| N | 05/12/2011 | DECLARATION OF LILIA EBRAHIMIAN FOR NOTICE OF EX PARTE APPLICATION FOR TRO | Not Applicable | 🎥 |
| | 05/12/2011 9:30 AM DEPT. 12 | EX PARTE HEARING RE TEMPORARY RESTRAINING ORDER/ORDER TO SHOW CAUSE. | Hearing Held | |

**Minutes**   Print Minute Order

HONORABLE JOHN W VINEYARD, PRESIDING
CLERK: M. PEREZ
COURT REPORTER: C. AKI
SHELIA RIOS REPRESENTED BY LAW OFFICE OF KHACHIK AKHKASHIAN - KHACHIK AKHKASHI
PRESENT.
NO STIPULATION REQUIRED PURSUANT TO CCP 259.
COURT HAS READ AND CONSIDERED DECLARATION OF LILIA EBRAHIMIAN.
DECLARATION IS ORDERED FILED.
REQUEST FOR TEMPORARY RESTRAINING ORDER IS TAKEN OFF CALENDAR.
HEARING RE OSC WHY PRELIMINARY INJUNCTION SHD NOT ISSUE SET 06/10/11 AT 08:30 DEPT 12
OPPOSITION AND REPLY TO BE FILED AND SERVED PURSUANT TO STATUTE.
FORMAL ORDER TO BE PREPARED, SERVED AND SUBMITTED BY MOVING PARTY.
NOTICE TO BE GIVEN BY MOVING PARTY

| | | | | |
|---|---|---|---|---|
| | 05/11/2011 | ON COMPLAINT FILED 05/11/2011 OF SHELIA RIOS AS TO SHELIA RIOS ATTORNEY LAW OFFICE OF KHACHIK AKHKASHIAN ADDED. | Not Applicable | |
| | 05/11/2011 | EX PARTE HEARING SET ON 5/12/11 AT 9:30 IN DEPT 12 | | |
| N | 05/11/2011 | SUMMONS ON COMPLAINT FILED 05/11/2011 OF SHELIA RIOS FILED | Not Applicable | 📷 |
| N | 05/11/2011 | EX PARTE APPLICATION TO/FOR TEMPORARY RESTRAINING ORDER/SHOW CAUSE FOR INJUNCT BY SHELIA RIOS FILED | Not Applicable | 📷 |

| Minutes | Print Minute Order |
|---|---|
| Receipt: 110511-0126 | $40.00 |

| | | | | |
|---|---|---|---|---|
| | 05/11/2011 | NON PROOF OF SERVICE HEARING SET FOR 8/09/11 AT 8:00 IN DEPT CLERK | | |
| | 05/11/2011 | DIRECTLY ASSIGNED TO DEPARTMENT 10 FOR CASE MANAGEMENT PURPOSES. | | |
| | 05/11/2011 | CASE IS ASSIGNED TO DEPARTMENT 12 FOR LAW AND MOTION PURPOSES. | Not Applicable | |
| N | 05/11/2011 | COMPLAINT FILED FAST TRACK - SUMMONS ISSUED. | Not Applicable | 📷 |

| Minutes | Print Minute Order |
|---|---|
| Receipt: 110511-0116 | $410.00 |

### Case RIC1108282 - Pending Hearings

| Date | Action Text | Disposition | Image |
|---|---|---|---|
| 06/10/2011 8:30 AM DEPT. 12 | HEARING RE OSC WHY PRELIMINARY INJUNCTION SHD NOT ISSUE | | |
| 08/09/2011 8:00 AM DEPT. CLERK | NON-PROOF OF SERVICE (NON-APPEARANCE) HEARING | | |
| 11/15/2011 8:30 AM DEPT. 10 | CASE MANAGEMENT CONFERENCE HEARING | | |

RIC1108282 Case Report - Riverside Civil & Small Claims          Page 3 of 3

Print This Report

Close This Window

Riverside Public Access 5.6.26 © 2011 ISD Corporation. All Rights Reserved. www.isd-corp.com
Contact Us

# PROOF OF SERVICE

I, Tina Bloom, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On June 7, 2011, I served the **Notice of Removal of Action** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Khachik Akhkashian
Law offices of Khachik Akhkashian
2418 Honolulu Avenue, Suite G
Montrose, California 91020

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]   (BY OVERNITE EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[ X]   (FEDERAL) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 7, 2011, at Newport Beach, California.

Tina Bloom

PROOF OF SERVICE

EXHIBIT "B"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** Quality Loan Service Corp,
**(AVISO AL DEMANDADO):** Aurora Loan Service, and
Does 1-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 1 1 2011

**YOU ARE BEING SUED BY PLAINTIFF:** Sheila Rios
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Historic Courthouse<br>4050 Main Street<br>4050 Main Street<br>Riverside, California 92501 | CASE NUMBER:<br>(Número del Caso):<br>RIC  1108282 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Khachik Akhkashian                                               (818) 249-2297
Law Offices of Khachik Akhkashian
2418 Honolulu Avenue
Montrose, California 91020

DATE: May 11, 2011      MAY 1 1 2011      Clerk, by _____ , Deputy
(Fecha)                                  (Secretario)                          (Adjunto)

J. ALVAREZ

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

05/11/2011  15:30   2133842296          BURT & AKHKASHIAN               PAGE  03

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Khachik Akhkashian<br>Law Offices of Khachik Akhkashian<br>2418 Honolulu Avenue<br>Suite #G<br>Montrose, California 91020<br>TELEPHONE NO.: (818) 249-2220   FAX NO.: (818) 249-2297<br>ATTORNEY FOR *(Name):* Sheila Rios | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:  Rios v. Quality Loan Service Corp et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 1 1 0 8 2 8 2<br>RIC<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[x] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

**2.** This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [ ] monetary b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

**4.** Number of causes of action *(specify):*  Twelve

**5.** This case [ ] is  [x] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 11, 2011

Khachik Akhkashian
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY OR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal<br>Solutions<br>ℚ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

05/11/2011  15:30   2133842296          BURT & AKHKASHIAN              PAGE   04



**LAW OFFICE OF KHACHIK AKHKASHIAN**
Khachik Akhkashian, SB#213607
2418 Honolulu Avenue, Suite G
Montrose, California 91020
Telephone: (818) 249-2220
Facsimile: (818) 249-2297

Counsel for Plaintiff
**SHIELA RIOS**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 1 1 2011

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

SHIELA RIOS,

            Plaintiff,

    v.

QUALITY LOAN SERVICE CORP,
AURORA LOAN SERVICES; and DOES 1-
100

            Defendants.

Case No.: **RIC**  **1108282**

**COMPLAINT FOR**

1. **BREACH OF CONTRACT**
2. **NEGLIGENT MISREPRESENTATION**
3. **FRAUD**
4. **RESCISSION OF LOAN**
5. **RECOUPMENT**
6. **INJUNCTIVE RELIEF**
7. **VIOLATIONS OF THE TRUTH-IN-LENDING ACT**
8. **VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT**
10. **SPECIFIC PERFORMANCE**
11. **UNJUST ENRICHMENT**
12. **UNFAIR BUSINESS PRACTICES**
13. **ATTORNEY FEES AND COSTS**

**JURY TRIAL REQUESTED**

**COMES NOW** Plaintiff for his causes of action against Defendants. Plaintiff alleges as follows:

**COMPLAINT**
1

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA, 91020
TELEPHONE (818) 249-2220

## I. PARTIES

1. Plaintiff, Sheila Rios, (hereinafter "Plaintiff"). Plaintiff is of majority age and a resident of California and the County of Riverside, and, at the time of filing this Complaint, owner of the subject parcel of real property. Plaintiff was the borrower of the promissory as indicated in the Deed of Trust for the subject real. Plaintiff is not involved in the real estate market or industry, and is ignorant of real estate laws, notices, rules, and procedures.

2. Defendant, Aurora Loan Services (hereinafter "ALS") is a Colorado Corporation doing business in the State of California. At all times relevant hereto ALS was the originator of a mortgage loan.

3. Defendant, Quality Loan Service Corporation (hereinafter "QLS") is a business entity of unknown form doing business in the State of California. At all times relevant hereto QLS was a Trustee for the beneficiary of Plaintiff' mortgage upon the subject real property.

4. Plaintiff is unaware of the true capacities of Defendants sued herein as Does 1-100, inclusive, and therefore sues those Defendants by fictitious names. Plaintiff are informed and believe and on that basis allege that each of the fictitiously named Defendants, Does 1 through 100, are responsible for the acts or omissions alleged in this complaint and that Plaintiff' injuries were proximately caused by acts or omissions of these Defendants. Plaintiff will leave to amend the Complaint to allege their true names and capacities when ascertained.

5. At all times herein mentioned each Defendant was the agent, servant and employee of each of the remaining Defendants and in doing the things hereinafter, alleged, were acting within the course and scope of such agency and employment and with the full knowledge, permission and consent, and/or subsequent ratification of each of the remaining Defendants.

## II. JURISDICTION

6. This action concerns the ownership or real property that is located in the County of Riverside and thus, the State of California. This Court has subject matter jurisdiction over the ultimate question of ownership of the subject real property per with the Code of Civil Procedure §392. This Court has supplemental concurrent jurisdiction over the Federal Claims set forth herein, pursuant to 15 USC §1601 et seq. and 15 USC 1640(e).

### III. Factual Background

7.     Plaintiff Sheila Rios, is a consumer as defined by the Truth in Lending Act (hereinafter "TILA"). Plaintiff was the borrower of funds collateralized by the subject property. Defendant ALS engaged in lending practices during the transaction that induced the Plaintiff to enter into his home loan for terms that he would otherwise not enter thereon had he been fully aware of the true terms and conditions of the promissory note and the impact of the adjustable rider that was attached to the note.

8.     The subject property is located at 9571 Paradise Place, Riverside, California 92508, and is legally described as follows:

"Lot 86 of Track NO. 31360, In the City of Riverside, County of Riverside, State of California, as per map recorded on November 4, 2005 in Book 392 of maps, pages 43 through 47, in the office of the county recorder of Said County."

9.     The Assessor's Parcel Number for said real property is 266-623-005-2.

10.    Plaintiff is the title owner of the subject property.

11.    Plaintiff was the borrower of the note and collateralizes the subject real property through the security instrument identified with said real property.

12.    Plaintiff is a minority and not someone involved in the real estate industry, nor was Plaintiff an attorney who had any understanding of the lending practices of mortgage loans. Plaintiff neither has a material understanding of mortgage loan documents that were presented to her at the closing for signing, making her an unsophisticated consumer.

13.    On or about December 20, 2006, Plaintiff entered into a mortgage loan with ALS. A condition to the mortgage was a Prepayment Charge Rider which would penalize Plaintiff in the event that Plaintiff paid off his note early. Moreover, Plaintiff was required to execute an Adjustable Rate Rider wherein his interest rate would fluctuate as high as **11.50%**, with a balloon payment of due on or about **Jnuary 1, 2037**. ALS failed to explain the terms and conditions to Plaintiff. Defendant ALS failed to inform Plaintiff that if he continued to make the interest only or minimum payments that he would have to generate significant funds to pay off the note at maturity.

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA, 91020
TELEPHONE (816) 249-2220

14.   Instead, ALS tendered a loan that is only beneficial to ALS.  ALS, through its servicing agent, Quality Loan Corporation, had provided statements to Plaintiff allowing Plaintiff to believe that his payments were being applied to not only the interest owed on the loan but also towards principal, such that at maturity the loan would be completely paid for without the need of a balloon payment in 2037.

15.   On or about December 20, 2006, or shortly thereafter, neither ALS nor any other broker, or agent of ALS tendered to Plaintiff a 1003 Loan Application to complete.

16.   On or about December 20, 2006, or shortly thereafter, neither ALS nor any agent of Defendant gave to Plaintiff early disclosures of the mortgage promised.

17.   On or about December 20, 2006, or shortly thereafter, neither ALS nor any agent of Defendant gave to Plaintiff early disclosures of the sub-prime adjustable rate mortgage, and if they did it was never properly explained to Plaintiff the significance of said sub-prime adjustable rate mortgage.

18.   On or about December 20, 2006, or shortly thereafter, neither ALS nor any other agent of Defendant gave to Plaintiff early disclosures of the Pre-Penalty Charge Rider or Adjustable Rate Rider, and if they did, it was never properly explained to Plaintiff the significance of either Rider.

19.   On or about **December 20, 2006**, or shortly thereafter, neither ALS nor any agent of Defendant gave to Plaintiff early disclosures of the Security Instrument, and if they did it was never properly explained to Plaintiff the significance of said Security Instrument.

20.   On or about December 20, 2006, or shortly thereafter, neither ALS nor any other agent of Defendant disclosed that the monthly payment represented to Plaintiff would be a interest only payment such that if Plaintiff continues with said payment schedule that he would have to pay a significant balloon payment upon maturity in 2037.   In fact, through loan agents of ALS, it was represented to Plaintiff that this loan was ideal for him.

21.   On or about December 20, 2006, or shortly thereafter, neither ALS nor any other agent Defendant, disclosed to Plaintiff that his interest rate on the loan can go as high as **11.50%** which would result in an increase in the monthly payments.  Moreover, ALS nor its agents who

1 │ brokered the loan failed to disclose that unless he had an increase in income, that he may have a loan

2 │ payment too onerous to shoulder and that it would result in a default and subsequent foreclosure.

3 │      22.    To the contrary, it was indicated to him that his loan for roughly $551,992.00 would

4 │ have initial payments of about $1,600.00 without explaining to Plaintiff the expiration of the initial

5 │ period.

6 │      23.    By February, 2009, Plaintiff began experiencing the hardship caused by economy and

7 │ had noticed that the interest rate on his mortgage was skyrocketing by 2% resulting in a mortgage

8 │ payment jumping to $2,529.00 from $1,600.00; all the while the principal still owed on the note

9 │ remained the same.

10 │      24.    During late 2010, Plaintiff began inquiring about her loan and became aware that the

11 │ through a loan audit that the type of loan that he entered into was full of pitfalls that were never

12 │ disclosed to her at signing, or soon thereafter.

13 │      25.    Instead, on or about December 20, 2006, Plaintiff was rushed through the closing

14 │ process of the mortgage executed, simply informed that a loan had been approved and that he had to

15 │ sign several documents and initialize accordingly.

16 │      26.    Plaintiff attempted to proceed with loan modification in February 2009, but ws

17 │ advised that because she was current, she was not in immediate risk of losing her home despite

18 │ Plaintiff notifying ALS that she was undergoing a hardship.  As such, in order to qualify for a loan

19 │ modification Plaintiff became delinquent.

20 │      27.    On September 2009, a Notice of Default was recorded in Los Angeles County. On or

21 │ about September 2009, a Notice of Trustee's Sale was recorded in the same county.

22 │      28.    When Plaintiff became in default of the note to become eligible for loan modification

23 │ she contacted ALS and spoke to Michelle and informed her that she and her husband sought to

24 │ modify their loan because it was becoming cumbersome but that they wanted to keep their home.

25 │ Plaintiff was informed that she would be would be receiving a packet in the mail, and that she would

26 │ have to make 3 monthly payments, sign a 4506, and **after we make their 3rd payment, their**

27 │ **mortgage would be permanently modified.**  Plaintiff received the loam modification packet and

28 │

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

1   made sure to comply the terms of the modification.  Thereafter, Plaintiff was never able to reach

2   Michelle after they received their modification packet.  Plaintiff left her several voicemails, but

3   never got a call back.  At that point, she had no choice but to speak to different customer service

4   representatives to communicate with Aurora regarding their loan modification.

5        29.    The following is a telephone conversation log with various ALS representatives since

6   the initial terms were made, and taken as excepts from Plaintiff's Declaration (Exhibit "1"):

7        30.    **On, April 20, 2010**, on or around 5:30 P.M. EST, I spoke with Tamika at customer

8   service.  She confirmed receiving the 1st trial period payment and confirmed they received all

9   required documents.  She confirmed no more documents were required from us  She said after we

10  make our 3rd trial period payment, **our mortgage will be permanently modified**.

11       31.    **On, May 4, 2010**, on or around 4:45 P.M. EST, I spoke with Lena at customer service

12  ID # S37 she re-confirmed all documents received and 1st trial period payment received. She said in

13  June 2010, since we live in California, Aurora is rolling out a program whereby because our property

14  is upside down, we will be eligible for a principle reduction where the loan balance will not exceed

15  95% of our home's current value.

16       32.    **On, May 13, 2010**, on or around 9:30 A.M. PST, I spoke with Tony at customer

17  service, ID # PLGAL, I spoke with Tony regarding the letter I received in the mail and voicemail I

18  received regarding an upcoming event to modify our mortgage.  Tony told me I can disregard the

19  letter.  It does not apply to us since we are already in a program and have sent in all our required

20  documents.  He told me he made a note in the system regarding us not having to attend the event.

21       33.    **On, June 1, 2010**, on or around 6:00 P.M. PST, I spoke with Anthony at customer

22  service ID # F98, he confirmed our 2nd trial period payment was posted to our account on, May 28,

23  2010, and they did not need any additional documents from us.  **He told me we just had one more**

24  **trial period payment left to make due July 1, 2010.**

25       34.    **On, June 29, 2010**, on or around 9:30 A.M. PST, I spoke with Valerie at customer

26  service ID # A44, I told her as of 9:10 am that morning I Western Unioned our last trial period

27  payment (payment #3) and gave her control #.  She took down payment amount $ 2,480 & control

28

LAW OFFICES OF KHACHIK AKEKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

1  #4479210989 and told me it would take 60 days for the review of our loan modification and we

2  should continue to make payments in the same amount until we receive a decision on our

3  modification by mail and they will contact us by phone or by mail if they need anything additional

4  from us.  She said I can call back Thursday, July 1, 2010, to confirm receipt of our 3rd payment.

5  (Please see attached copies of all 3 trial payments Exhibit "4").

6       35.    **On, July 1, 2010**, on or around 7:30 P.M. PST, I spoke with Kethera at customer

7  service, ID # S32  she confirmed our 3rd trial period payment posted to the account, June 29, 2010.

8  She told me they are requesting copies of our business Tax Returns for 2009.  I told her I would

9  overnight them.  She told me the letter requesting the business taxes went out the day before, June

10  30, 2010, and this return is due within 10 calendar days, which was due by, July 10, 2010.

11  I needed to overnight them by, July 8, 2010, (Thursday) for them to receive by Friday, July 9, 2010,

12  since July 10, 2010, falls on a Saturday.  Once I overnight it, I must call them with a tracking

13  number.

14       36.    **On, July 7, 2010**, I spoke with Laurie at customer service, ID # G36, she told me that

15  we did not qualify for the Home Affordability Modification Program.  The underwriter determined

16  our monthly income to be $ 3,164.51, and we wouldn't qualify unless they lowered our principal

17  balance, which they were not willing to do at this time.  However, they did roll us into the

18  Traditional Modification program, so we should continue making our trial period payments of $

19  2,480.

20       37.    Also, for this modification, they are asking for an updated financial statement which

21  could be downloaded off their website www.myauroraloan.com  and an updated hardship letter.

22  She told me the review for this modification takes 120 days and the letter went out July 15, 2010.

23       38.    **On, July 9, 2009**, on or around 1:30 P.M. PST, I spoke with Annecia at customer

24  service, ID # A01, she confirmed that they did receive documents; however, she won't be able to

25  confirm what documents were received in their system until middle of next week.  She said to call

26  back Wednesday, July 13, 2010, or Thursday, July 14, 2010.  She did not need tracking # since they

27  show documents were received.

28

05/11/2011   15:30   2133842296                 BURT & AKHKASHIAN                     PAGE   11

1     39.    **On, August 2, 2010,** I spoke with Tamika at customer service and I told her I wanted

2 to confirm they received the documents I overnighted to them for the Traditional Modification, as

3 well as to make sure they received trial period payment # 4 which was sent by Western Union on

4 July 27, 2010.  She told me we were denied the Traditional Modification, a denial letter went out

5 July 27, 2010 and there was a sale date set for August 4, 2010, which was less than 48 hours away.  I

6 asked her about their other foreclosure alternative options, and she said there was none for us.  I

7 asked her what about a repayment plan and she said we don't qualify for that.  I asked her what about

8 a short sale.  She said it was too late for that because they require the full short sale package 7 days

9 prior to the sale date.  I said what else can we do? We want to stay in our home.  She said the only

10 option for us is to bring the loan current within 48 hours.  I told her we did not have that kind of

11 money.

12     40.    For the better part of 2010, Plaintiff attempted to resolve the matter with ALS without

13 litigation by proceeding with loan modification but her attempts were fruitless as Defendant ALS did

14 not follow the procedure set forth by H.R. §3221 (P.L. 110-289), in order to modify the mortgage to

15 become one that the Plaintiff originally believed he had entered into, let alone one that he could

16 manage.

17     41.    It is Plaintiff specific allegation as noted in the above-stated facts, all of the

18 Defendants and each of them, intentionally misrepresented the facts with full knowledge that they

19 were not true for the purposes of defrauding Plaintiff to enter loan that was not beneficial to him, nor

20 the loan that he believed that he was entering into.

21     42.    Plaintiff relied on false statements of ALS and its agents, and he has been

22 significantly damaged by said fraud through Defendant's tactics of taking advantage of those who

23 are unfamiliar and unsophisticated with the mortgage loan process, as well as his minority class.

24     43.    The loan is a residential refinance transaction subject to the disclosure requirements

25 of the State of California and the Federal Truth in Lending Act.

26     44.    Before the closing date of said loan, no preliminary disclosures were given to Plaintiff

27 as required by 12 CFR §226.17(b) and within the times allowed by 12 CFR § 226.19(a).  As a result

28

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

1  of the foregoing, Plaintiff did not receive Truth in Lending Disclosures or other disclosures at all for

2  the finance said property.

3      45.    At all times relevant hereto, Defendants regularly extended or offered to extend

4  consumer credit for which a finance charge is or will be imposed or which, by written agreement, is

5  payable in more than four installments, and is the person to whom the transaction, which the subject

6  of this action was initially payable, making Defendants creditors within the meaning of the Truth in

7  Lending Act, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

8      46.    On or about December 20, 2006, Plaintiff executed a promissory note and security

9  agreement in favor of ALS. The transaction extended consumer credit which was subject to finance

10  charge and which was initially payable to the Defendants.

11      47.    As noted above, before the execution of the loan, ALS nor any agent of Defendant

12  provided Plaintiff the preliminary disclosures required by the Truth in Lending Act or any other

13  preliminary disclosures as required by RESPA at 24 C.F.R. §§3500.6 and 3500.7, which is

14  commonly known as the Good Faith Estimate (hereinafter "GFE").

15      48.    ALS intentionally failed and or refused to provide Plaintiff with various disclosures

16  that would indicated to Plaintiff that the contract entered into is void, illegal and predatory in nature,

17  such as an accurate, Truth in Lending Disclosure as required by 12 C.F.R. §226.17 and 18,

18  disclosing the proper annual percentage rate, finance charges, the amount to be financed, the

19  schedule of payments and the loan program, before the closing took place.

20      49.    Furthermore, pursuant to 12 C.F.R. §226.4 and §226.18(d) and (c)(1)(iii), no

21  preliminary disclosures were given before the closing of said transaction, which would have

22  reflected the true cost of the credit transaction. Primarily, the GFE or Itemization of Amount

23  Financed (hereinafter "IOAF") would have disclosed the true cost of the loan; it would have

24  reflected that a Marketing Point in the form of Yield Spread Premium (hereinafter "YSP") was being

25  charged.  .

26      . 50.    At closing, there were no Good Faith Estimates or Itemizations of amount financed

27  given.

28

51.     Defendants were under a legal obligation as a fiduciary and had the responsibility of overseeing the purported loan consummation to make sure that Plaintiff Rios consummation was right and that Plaintiff Rios received all mandated documentation and material disclosures under TILA, RESPA and any other applicable law, before and after the transaction.

52.     Furthermore, Defendants owed a duty to Plaintiff in explaining the type of loan that she was consummating, and reviewing the loan to ensure that this was the type of loan that Plaintiff sought.  Instead, Plaintiff received a loan that was not bargained for and Defendants were in the best position to structure the transaction so that the loan was one sought by Plaintiff so that it could be the best consumer transaction possible.

53.     Instead, ALS has established a pattern and practice of defrauding Plaintiff in that, during the loan consummation process, the loan was misrepresented as one that pays principal and interest.  The above violations are material and facial in nature under the Truth in Lending Act.

54.     Furthermore, Plaintiff sues for recoupment, and states a claim for rescission of the loan transaction.

55.     The Plaintiff did not learn of the fraudulent loan until she conducted a loan audit which disclosed various lending violations as alleged herein..

### IV. BREACH OF CONTRACT

### AGAINST ALS

56.     Plaintiff incorporates by reference herein all prior allegations of their Complaint and facts as stated above as if fully and completely set forth herein.

57.     Plaintiff was informed that she had complied with all of the documentary requirements to qualify for a loan modification, and that the only remaining matter was for her to make the 3 trial payments to vest the modification as a permanent one.

58.     Defendant accepted Plaintiff's offer of $2,480.00 by sending in the three trial payments on or before the due date in accordance with Defendant's instructions.

59.     After Plaintiff made the trial payments, Defendant ALS breached the agreement by refusing to vest a permanent loan modification offer to Plaintiff.

60.     As a result of this breach, Plaintiff has sustained damages of said breach.

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

**NEGLIGENT MISREPRESNATION**

**AGAINST ALS**

61.    Plaintiff incorporates by reference herein all prior allegations of their Complaint and facts as stated above as if fully and completely set forth herein.

62.    Defendant owed a duty to Plaintiff not to provide information that would be a misrepresentation of the true facts regarding the events that took place during the loan modification process between April 2010 up until July 2010.

63.    Defendant breached its duty to Plaintiff by misrepresenting the true facts about the terms and conditions of the loan modification process between April 2010 up until July 2010.

64.    Defendant's misrepresentation were material in that Plaintiff relied on said representations by acting in accordance with Defendants instructions for the loan modification process resulting in injuries to Plaintiff.

65.    As a proximate result of Defendant's breach of duty, Plaintiff has suffered and will continue to suffer harm to be proven at the time of trial.

**FRAUD AND DECEIT**

**INTENTIONAL MISREPRESENTATION**

**AGAINST ALS**

66.    Plaintiff incorporates by reference herein all prior allegations of their Complaint and facts as stated above as if fully and completely set forth herein.

67.    Plaintiff has listed facts with particularity wherein Defendants as agents of each other and ALS willfully with malice, breached their fiduciary duty by misrepresenting the value of the mortgage product in question and by falsely representing their intentions with regard to managing their rights to the mortgage loan product.

68.    Had Plaintiff been properly informed by ALS, according to their statutory duty, of the exact nature and terms and conditions of the loan regarding the property in question, Plaintiff would not have agreed to financing as per the terms consummated.

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

69.     In addition, ALS, who was experienced and trained in their profession, used a deceitful tactics to persuade Plaintiff to enter into the loan complained hereof. Defendant ALS and its agents informed Plaintiff that the loan is one that is beneficial to her.

70.     ALS failed and omitted to Plaintiff that the loan rate can go as high as **11.50%** and that at the end of the loan term, a balloon payment would be due if she continued making only the interest payments on the note. Yet, in the statements provided to Plaintiff, they indicated that the payments being made were for principal and interest.

71.     ALS, capitalizing on Plaintiff minority status and lack of sophistication, should have never gone forward with the loan process.

72.     When ALS and each of its agents made the above statements and or omissions, they did so knowing of the falsity of the representations and said representations were made with the intent to induce Plaintiff to finance into a predatory loan.

73.     At the time Plaintiff entered into the mortgage loan, Plaintiff was ignorant of the falsity of representations concerning the quality of the loan in question, and believing them to be accurate and honest representations, relied on the representations in deciding to finance and accept the predatory loan. Had Plaintiff known the truth ALS representations or omissions, Plaintiff would not have financed and contracted for the predatory loan.

74.     Plaintiff subsequently relied upon the ALS representations that he was in a good loan for principal and interest that would mature on **January 1, 2037**.

75.     In so doing the acts specified above, the Defendants acted in conscious disregard of Plaintiff rights, with malice and fraudulent and oppressive intention. Plaintiff is entitled to compensatory damages, including but not limited to, the "fees" paid out in the transaction as well as the fraudulently obtained interest, alternatively for rescission of the entire transaction, as well as damages for emotional distress, in an amount to be proven at trial. Plaintiff Rios is also entitled to punitive damages against ALS, in an amount of **$1,000,000.00** or any other amount to be proved at trial.

LAW OFFICES OF KHACHIK AKHKASHIAN<br>2418 HONOLULU AVENUE, SUITE #G<br>MONTROSE, CALIFORNIA 91020<br>TELEPHONE (818) 249-2220

**V. UNFAIR TRADE PRACTICES**

**AGAINST ALS**

76.     Plaintiff incorporates by reference herein all prior allegations of their Complaint and facts as stated above as if fully and completely set forth herein.

77.     ALS has engaged in a pattern of unfair practices as stated in the facts above in violation of California Code, Title 6, Chapter 5, Article 1, Section 6-611 et seq. Primarily the Defendant did not provide the required disclosures as required. Defendant created a confidential relationship of utmost trust with Plaintiff, by contacting him by telephone, and by making disclosures. However, the Defendant, in order to enrich themselves by working in concert, willfully and wantonly breached their fiduciary duty to Plaintiff by conducting themselves in a fraudulent and deceitful manner. Defendant are attempting to take property from the Plaintiff based upon a loan that he was unaware was not in his interest nor sought for, and thus, took advantage of their unsuspecting client by concocting a false scenario where Plaintiff Rios relied upon to his detriment.

78.     The egregious behavior by Defendant is in violation of state and federal law, entitles Plaintiff to void the contracts, damages, statutory penalties, and attorney fees and costs pursuant to statute; the aggregate of these damages is no less than **$1,000,000.00**.

79.     Plaintiff alleges that all of the Defendant's actions and inactions have impaired and damaged Plaintiff's credit, and hence his home purchasing capacity, entitling Plaintiff to additional damages. Damage to the Plaintiff's credit was deliberate and foreseeable consequence from the terms of the loan that were not disclosed to Plaintiff Rios until after closing.

**VI. UNJUST ENRICHMENT**

**AGAINST ALL DEFENDANTS**

80.     Plaintiff incorporates by reference herein all prior allegations of their Complaint and facts as stated above as if fully and completely set forth herein.

81.     Defendant ALS owed a duty to Plaintiff to ensure that Plaintiff understood all the fees he would pay to obtain the credit on his behalf and to not be charged any fees that were not related to the settlement of the loan entered into with ALS, and with full disclosure to Plaintiff.

LAW OFFICES OF KHACHIK AKHKASHIAN
2448 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

82.     The Defendant ALS had full knowledge or had a duty to know that a Yield Spread Premium fee would increase the interest rate and increase the total amount of money paid by Plaintiff over the life of the contract, adversely affecting Plaintiff.

83.     That Defendant ALS cannot in good conscience keep the benefits from their actions of charging a Yield Spread Premium (hereinafter "YSP") unrelated to the settlement services provided at closing and giving no benefit for that fee.

84.     That Defendant ALS has been unjustly enriched at the expense of the Plaintiff not only for the YSP but also for the many thousands of dollars in extra interest to be paid over the life of the loan and defrauding the Plaintiff.  Considering the circumstances, allowing BNC to maintain the benefit would be contrary to the rules of equity.

85.     Accordingly, Plaintiff is entitled to restitution, damages and attorney's fees from Defendant Mega, and any other Defendant who benefited from said conduct.

### VII. BREACH OF FIDUCIARY DUTY

### AGAINST DEFENDANT ALS

86.     Plaintiff incorporates by reference herein all prior allegations of their Complaint and facts as stated above as if fully and completely set forth herein.

87.     Defendant at the time of the incident were all licensed as either a mortgage broker and or agents subject to certain statutory, common law and fiduciary duties.

88.     Defendant in the above referenced action, had a fiduciary relationship with Plaintiff. Defendant cited, breached their fiduciary duties.

89.     Defendant failed in their duty to investigate the circumstances of the property for the financing in question so that to insure that its principal, Plaintiff had received all disclosure to enable Plaintiff to make an informed decision concerning the value of the property and the loan he was engaging. Defendant is liable and or the cause of all fraudulent actions of its agents.

90.     Defendant to line their own pockets to the detriment of their principal inflated the value of the loan. Falsely put Plaintiff into a sub-prime adjustable rate mortgage loan all the while representing the Plaintiff that the loan was for principal and interest with a specific monthly mortgage that would mature on or about **January 1, 2037.**

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

91.     Defendants to line their own pockets to the detriment of their principal failed to inform Plaintiff that the monthly payments offered were insufficient to cover a payoff of the note and that a balloon payment would become due on **January 1, 2037.**

92.     These acts and conduct were unconscionable, predatory and a breach of fiduciary duty to Plaintiff.

93.     These acts of breach of fiduciary duty was a substantial factor in causing Plaintiff to suffer damages, including but not limited to, economic damages and emotional distress damages.

94.     Accordingly, Plaintiff is entitled to recover damages from the above listed Defendants in an amount to be proven at trial, including punitive damages.

### VIII. VIOLATION OF THE TRUTH IN LENDING ACT

#### AGAINST ALL ALS

95.     Plaintiff incorporates by reference herein all prior allegations of their Complaint and facts as stated above as if fully and completely set forth herein.

96.     Primary loan violations against ALS and subsequent ratification by assignees and successors of said mortgage, as the lender never in the loan's history gave to Plaintiff the proper loan disclosures as required under the Federal Truth in Lending Act, regulated at 12 C.F.R. §§§ 226.17, 226.18 and 226.23.

97.     ALS engaged in a pattern of unfair practices in violation of the Truth and Lending Act, 15 U.S.C. §1601 et seq. and 12 C.F.R. §§ 226.17 and 226.18, that no proper and timely TILA disclosures were given to Plaintiff as required by 12 C.F.R. §226.19, which triggers the Plaintiff's right to damages hereunder. No material disclosures were given as required by Regulation Z at 12 C.F.R. §§ 226.17 and 226.18, entitled Plaintiff Rios to damages under 15 U.S.C. §1640(a) et seq., actual damages, twice the finance charges and reasonable attorney fees and costs pursuant to statute.

98.     No preliminary disclosure of the YSP was given, no early disclosures were given, and no TILA disclosure was ever provided. These are material violations of 12 C.F.R. §§§ 226.4(a), 226.17, 226.18(d), 226.18(e)(1)(iii) and 12 C.F.R. 226.23.

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

99.    The above TILA violations play a major part in the type of loan that was given at closing along with the amount of the loan payments for damages as allowed by 15 U.S.C. §1640(a).

100.    Plaintiff further sue for recoupment because of the pending non-judicial foreclosure sale under 15 U.S.C. §1640(e) and sues for equitable tolling because of the fraud mentioned in the facts and fraud causes of action listed herein.

## IX. INJUNCTIVE RELIEF

## AGAINST ALL DEFENDANTS

101.    Plaintiff incorporates by reference herein all prior allegations of their Complaint and facts as stated above as if fully and completely set forth herein.

102.    QLS nor anyone acting on behalf of ALS has a right to foreclose on Plaintiff's property in that all of the transactions under which ALS purported to gain an interest in Plaintiff property and loan entered into were based upon actual fraud, constructive fraud, misrepresentation in the performance of the contract, as well as the TILA violations giving rise to Plaintiff right of rescission. Therefore, all such transactions are null, void, unenforceable and of no legal effect.

103.    Plaintiff is threatened with immediate, irreparable harm if non-judicial foreclosure and sale are affirmed. Plaintiff is married; she and her husband will be uprooted and damaged if this property is foreclosed upon.

104.    Plaintiff is entitled to a temporary restraining order, preliminary injunction, and permanent injunction, against Defendants its agents, assigns, successors in interest, prohibiting them from engaging in any conduct in furtherance of non-judicial foreclosure and sale proceedings against the subject property.

105.    Furthermore, Plaintiff is entitled to a temporary restraining order per California Civil Procedure §526, preliminary injunction per California Civil Procedure § 527 against the Defendants named herein and their successors and assigns pending further order from this Court.

## X. PRAYER FOR RELIEF

106.    Wherefore, having set forth various causes of action against Defendants, Plaintiff prays for relief as follows:

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE #G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

1      A.    For preliminary and permanent injunctive relief against all Defendants and

2  their successors in interest and assigns, agents, employees, and any all persons acting on behalf of

3  said Defendants or in concert with said Defendants, such that they be enjoined from foreclosing and

4  proceeding with a Trustee Sale of the subject property pending in this action until the matter has

5  been resolved or otherwise ordered by said Court;

6      B.    For specific performance of the loan modification agreement entered between

7  the parties on April 24, 2010.

8      C.    For general and special damages in an amount to be proven at trial;

9      D.    That the transaction be deemed void as a result of Defendants fraud and

10  breach of fiduciary duties;

11      E.    For attorney fees together with costs of the action;

12      F.    That the actions of all Defendants be determined to be unfair and deceptive

13  business practices in violation of California law and that the Court award all such relief to Plaintiff

14  as they are entitled to including, treble damages and an award of costs and attorney's fees;

15      G.    That the actions of Defendants be determined in violation of the Truth in

16  Lending Act, for the non-compliance thereof and the Regulations promulgated there under and that

17  the Court award return of all finance charges, twice the finance charge and award the damages

18  provided by 15 U.S.C. §1640(a) et seq.

19      H.    That the Plaintiff be awarded $5,000.00 statutory penalty for the violations of

20  the Truth in Lending Act;

21      I.    That the Plaintiff be awarded all damages related t the unjust enrichment

22  claims;

23      J.    That the Plaintiff be awarded consequential damages, including attorney's fees

24  incurred to bring this action, in an amount to be fully proved at time of trial;

25      K.    That Plaintiff be awarded fees and costs pursuant to the written agreements

26  with bind Defendants; and

27      L.    That the Court declare that the contract entered by the Plaintiff Rios be

28  reformed in compliance with HR 3221;

1   payment we had made, and she said they returned the money back to us. And, that was the last time

2   we talked to anyone from Aurora.

3

4       I, Sheila Rios, declare under penalty of perjury, pursuant to the laws of the State of

5   California, that the foregoing is true and correct.

6

7

8   Dated : May 10, 2011, and executed at Montrose, California.

9

10

11

12                                    BY: _____

13                                          SHEILA RIOS
                                            PLAINTIFF

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LAW OFFICES OF KHACHIK AKHKASHIAN
2418 HONOLULU AVENUE, SUITE G
MONTROSE, CALIFORNIA 91020
TELEPHONE (818) 249-2220

DECLARATION OF SHEILA RIOS